UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:16-cr-00319 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 39] |
| vs. | : | |
| MIZRAIM VEGA, | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Mizraim Vega requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes Vega's petition.[2]

For the reasons stated below, the Court **GRANTS** Vega's motion for compassionate release.

I. Background

On January 3, 2017, Defendant Vega pleaded guilty to one count of conspiracy to possess with intent to distribute heroin, fentanyl, and acetylfentanyl, three counts of distribution of fentanyl and acetylfentanyl, and one count of interstate travel in aid of racketeering.[3] On May 1, 2017, this Court sentenced Vega to 72-months imprisonment to be followed by 5 years of supervised release.[4]

On June 16, 2020, Vega filed the instant motion for compassionate release.[5]

---

[1] Doc. 39. Vega's counsel filed a supplement to the motion. Doc. 46.
[2] Doc. 47. Vega replied. Doc. 48.
[3] Doc. 38.
[4] Doc. 17.
[5] Doc. 39.

Case No. 1:16-cr-00319
Gwin, J.

For the following reasons, the Court **GRANTS** Vega's motion for compassionate release.

## II. Discussion

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[6] Here, Vega requested compassionate release in early May 2020, and the Warden of his facility denied his request on May 27, 2020.[7] Because more than 30 days have passed since Vega's request, he meets the statutory exhaustion requirement.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[8] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[9] Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[10]

Vega argues that his medical conditions put him at higher risk of serious medical consequences, including death, if he contracts COVID-19.[11] Specifically, he states that he

---

[6] 18 U.S.C. § 3582(c)(1)(A)(i).
[7] Doc. 39-1.
[8] 18 U.S.C. § 3582(c)(1)(A).
[9] *Id.*
[10] *Id.*
[11] Doc 46 at 1.

-2-

Case No. 1:16-cr-00319
Gwin, J.

has asthma and is obese.[12]

Vega's medical conditions, in conjunction with the presence of COVID-19 at FCI Coleman Low, are extraordinary and compelling reasons that justify his compassionate release.[13]  Because Vega is at a greater risk for medical complications if he contracts the virus, Vega's health and life are in grave danger if he continues to serve his sentence at FCI Coleman Low.  Moreover, granting compassionate release here accords with 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements.

### III.     Conclusion

For the foregoing reasons, the Court **GRANTS** Vega's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Court reduces Vega's sentence to time served.  All other terms of Vega's original sentence, including the five years of supervised release following completion of his sentence, remain in effect.

The Court further orders the Bureau of Prisons to take measures, including a 14-day pre-

---

[12] *Id.*

[13] Vega's compassionate release motion implicates the "other reasons" category of the Sentencing Commission's policy statement.  USSG § 1B1.13 cmt. n.1.  The "other reasons" category says that a sentence reduction may be appropriate if "an extraordinary and compelling reason other than, or in combination with, the reasons described" in the first three categories exists.  USSG § 1B1.13 cmt. n.1.  However, the policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons."  *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2019) (quoting USSG § 1B1.13 cmt. n.1). Because this is no longer the law with the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum."  *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one").  This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release.  *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases).

Case No. 1:16-cr-00319
Gwin, J.

transfer quarantine, to ensure that Vega is COVID-19-free prior to his release.


IT IS SO ORDERED.


Dated:  August 18, 2020               *s/      James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE